# Exhibit 2

|  |  |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____<br>DATE FILED: 8/7/2017 |

------------------------------------------------------------------x

SECURITIES AND EXCHANGE COMMISSION,

                                  Plaintiff,

-against-

                                                  17-CV-4950 (LGS)

RENWICK HADDOW, BAR WORKS, INC.,
BAR WORKS 7TH AVENUE, INC., and
BITCOIN STORE, INC.,

                                 Defendants,

-and-

BAR WORKS CAPITAL, LLC,

                              Relief Defendant.

------------------------------------------------------------------x

## [~~PROPOSED~~] PRELIMINARY INJUNCTION ORDER AGAINST DEFENDANTS AND RELIEF DEFENDANT

**WHEREAS** on June 30, 2017, the Securities and Exchange Commission ("Commission") commenced this action by filing a Complaint, proposed order to show cause, and other papers, and on the same day, the Court issued an Order to Show Cause, Temporary Restraining Order, and Order Freezing Assets and Other Relief (the "Order to Show Cause") (Docket No. 3) with respect to defendants Renwick Haddow ("Haddow"), Bar Works, Inc. ("Bar Works"), Bar Works 7th Avenue Inc. ("7th Avenue"), and Bitcoin Store, Inc. ("Bitcoin Store") (collectively, "Defendants") and relief defendant Bar Works Capital, LLC ("Relief Defendant");

**WHEREAS** the Court has considered: (1) the Complaint filed by the Commission on June 30, 2017 (Docket No. 4); (2) the declaration of Neal Hendelman, executed on June 29, 2017, and exhibits thereto (Docket No. 12); (3) the declaration of Michael J. McAuliffe, executed on June 23, 2017, and exhibits thereto (Docket No. 6); (4) the declaration of Maureen Peyton King, executed on June 30, 2017 (Docket No. 10); (5) the memorandum of law in support of the Commission's

emergency application, dated June 30, 2017 (Docket No. 5); and (6) the declaration of Christopher J. Dunnigan, executed on July 14, 2017, regarding service of the Commission's foregoing papers (Docket No. 13);

**WHEREAS** the Commission's papers in support of its application (Docket Nos. 5, 6, 10, and 12 and attached exhibits, together the "Supporting Papers") show that it is likely to succeed on the merits of each of the seven claims its Complaint (Docket No. 4) alleges, including the Commission's claims that Defendants engaged, as primary or secondary violators, in securities fraud and the Commission's claim for unjust enrichment against Relief Defendant and the Commission's underlying allegations that $1.55 million of defendant 7th Avenue's funds were transferred to Relief Defendant without consideration, that such funds were derived from proceeds received by 7th Avenue in violation of Section 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q(a), Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5, and that Relief Defendant has no legitimate claim to such funds;

**WHEREAS** the Commission's Supporting Papers have substantiated a concern that Defendants and Relief Defendant will dissipate their assets or transfer them beyond the jurisdiction of the United States absent a preliminary injunction freezing Defendants' and Relief Defendant's assets, including because the Commission's Supporting Papers show that Defendants transferred over $5 million to accounts in Mauritius and Morocco before the Commission commenced this action (Docket No. 5 at 34; Docket No. 12 at ¶¶ 67–69, 73, 75 & Ex. 102);

**WHEREAS** the Commission has provided notice to Defendants and Relief Defendant of its application for a preliminary injunction and the preliminary injunction hearing scheduled for July 19, 2017, by serving Defendants and Relief Defendant with the Order to Show Cause, the Commission's Supporting Papers, and the Court's Order adjourning the preliminary injunction

hearing to July 19, 2017 (Docket No. 9), as evidenced by the declaration of service of Christopher J. Dunnigan (Docket No. 13); and

**WHEREAS** the Court held a preliminary injunction hearing on July 19, 2017, at 11:00 a.m., and Defendants and Relief Defendant failed to appear or otherwise present any argument or evidence to contest the Commission's requested preliminary injunction:

I.

**IT IS HEREBY ORDERED** that the Commission's application for a preliminary injunction is **GRANTED** for the reasons set forth above and in the Commission's Supporting Papers.

II.

**IT IS FURTHER ORDERED** that, pending a final disposition of this action, Defendants and each of their financial and brokerage institutions, officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of such Order by personal service, facsimile service, telephonic notice, email notice, any other means permitted in Section VII of this Order, or otherwise, and each of them, hold and retain within their control and otherwise prevent (except to the extent this Order requires any transfer to repatriate assets to the United States) any withdrawal, transfer, pledge, encumbrance, assignment, dissipation, concealment or other disposal (including the use of any credit cards or any other incurring of debt) of any assets, funds, or other property (including money, real or personal property, securities, commodities, choses in action or other property of any kind whatsoever, in whatever form such assets may presently exist and wherever located) of, held by, or under Defendants' control, whether in their name or for their direct or indirect beneficial interest, and directing each of the financial and brokerage institutions, debtors and bailees, or any other person or entity holding such assets, funds or other property of Defendants to hold or retain within its control and prohibit the withdrawal,

3

removal, transfer or other disposal of any such assets, funds or other properties, including without limitation all assets, funds, or other properties held in Defendants' name, held by Defendants, or under Defendants' control, including but not limited to the accounts listed on Schedule A—up to the amount of $36,348,562.00—with the exception of any assets held by Defendants in England or Wales, and with the exception of any assets held in attorney escrow in Haddow's behalf by East Legal Pty limited of 404/3 Waverly Street, Bondi Junction 2022, NSW, Australia.

### III.

**IT IS FURTHER ORDERED** that, pending a final disposition of this action, Relief Defendant and each of its financial and brokerage institutions, officers, agents, servants, employees, and attorney, and those persons in active concert or participation with them who receive actual notice of such Order by personal service, facsimile service, telephonic notice, email notice, any other means permitted in Section VII of this Order, or otherwise, and each of them, hold and retain within their control and otherwise prevent (except to the extent this Order requires any transfer to repatriate assets to the United States) any withdrawal, transfer, pledge, encumbrance, assignment, dissipation, concealment or other disposal (including the use of any credit cards or any other incurring of debt) of any assets, funds, or other property (including real or personal property, securities, commodities, choses in action or other property of any kind whatsoever, in whatever form such assets may presently exist and wherever located) of, held by, or under the control of Relief Defendant, whether held in its name or for its direct or indirect beneficial interest, and directing each of the financial or brokerage institutions, debtors and bailees, or any other person or entity holding such assets, funds or other property of Relief Defendant to hold or retain within its control and prohibit the withdrawal, removal, transfer or other disposal of any such assets, funds or other properties, including without limitation all assets, funds, or other properties held in Relief Defendant's name, held by Relief Defendant, or under Relief Defendant's control, up to the amount

of $1,550,000.00, with the exception of any assets held by Relief Defendant in England or Wales, and with the exception of any assets held in attorney escrow in Haddow's behalf by East Legal Pty limited of 404/3 Waverly Street, Bondi Junction 2022, NSW, Australia.

## IV.

**IT IS FURTHER ORDERED** that, pending a final disposition of this action, (a) Defendants and Relief Defendant shall repatriate all funds, assets or other property originating from Defendants' sales of stock, notes, leases or business activities of Bar Works, Inc., Bar Works 7th Avenue, Inc., Bitcoin Store, Inc., and Bar Works Capital, LLC, held in foreign accounts in their names, or for their benefit or under their direct or indirect control, or for which they exercise control or signatory authority, by transferring to the registry of this Court all such assets, funds, and other property—up to the amount of any difference between the total requested freeze amount ($36,348,562.00 for Defendants and $1,550,000.00 for Relief Defendant) and the amount of each Defendant's or Relief Defendant's assets in the United States—with the exception of any assets held by Defendants or Relief Defendant in England or Wales, and with the exception of any assets held in attorney escrow in Haddow's behalf by East Legal Pty limited of 404/3 Waverly Street, Bondi Junction 2022, NSW, Australia; (b) with respect to all funds and assets outside the jurisdiction of this Court that are repatriated by Defendants and Relief Defendant, such assets shall become subject to the restrictions described in paragraphs II and III, respectively, above; and (c) with respect to any other asset owned and/or controlled by Defendants or Relief Defendant that is now located outside the jurisdiction of this Court (including, but not limited to, any monies, securities, or real or personal property), the Defendant or Relief Defendant with ownership or control over the asset shall immediately identify the location of such asset, the price paid or consideration given, and the date upon which it was purchased.

V.

**IT IS FURTHER ORDERED** that, pending a final disposition of this action, Defendants and Relief Defendant are enjoined and restrained, and any person or entity acting at the direction of or on behalf of any of them is enjoined and restrained, from destroying, altering, or concealing all documents, books, and records that are in the possession, custody, or control of Defendants or Relief Defendant, their respective agents, servants, employees, and attorneys, and those persons in active concert or participation with them, including documents that concern the allegations in the Complaint or Defendants' or Relief Defendant's finances.

VI.

**IT IS FURTHER ORDERED** that Defendants and Relief Defendant shall file with this Court, and serve upon the Commission, within thirty (30) days of service of this Order a verified written accounting, signed by each such Defendant and Relief Defendant, and under penalty of perjury, setting forth: (1) all assets, liabilities, and property currently held, directly or indirectly, by or for the benefit of each such Defendant and Relief Defendant; (2) identifying all bank accounts used by Defendants or Relief Defendant since 2014 through the date of the accounting; (3) the identity of all bank accounts to which Defendants and Relief Defendant transferred funds (including the beneficial owner of the recipient account); and (4) the purpose for each transfer of funds or securities. Such accounting should be accompanied by backup documentation demonstrating the validity and accuracy of the information provided.

VII.

**IT IS FURTHER ORDERED** that a copy of this Order be served upon Defendants (or their attorneys who agree to accept service on their behalf) and Relief Defendant (or its attorney who agrees to accept service on its behalf), by personal delivery, facsimile, email, overnight courier, international express mail, or first-class mail and upon any bank, savings and loan institution, credit

union, financial institution, transfer agent, broker-dealer, investment company, title company, commodity trading company, storage company, or any other person, partnership, corporation, or legal entity that may be subject to any provision of this Order. For purposes of notice of anyone in possession of documents, records, assets, funds, property, or property rights, actual notice of this Order shall be deemed complete upon notification by any means, including, but not limited to, notice from distribution by facsimile transmission or electronic mail.

### VIII.

**IT IS FURTHER ORDERED** that is Order shall be, and is, binding upon Defendants and Relief Defendant, and each of their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service, facsimile, email, overnight courier, or otherwise.

Dated:  August 7, 2017
        New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

Schedule A

Part I

| Financial Institution | Account Name | Account Number (Last 4) if known |
|---|---|---|
| Bank of America | InCrowd Equity, Inc. | 3084 |
| Bank of America | Bar Works Management, Inc. | 0536 |
| Bank of America | Bar Works Management, Inc. | 0549 |
| Bank of America | InCrowd Equity, Inc. | 0552 |
| Bank of America | Renwick Robert Haddow | 2873 |
| Capital One | Bitcoin Store, Inc. | 7674 |
| Capital One | Bitcoin Store, Inc. | 3452 |
| Citibank | Renwick Robert Haddow | Redacted |
| Citibank | Bar Works, Inc. | 0283 |
| Connecticut Community Bank | Renwick Haddow | Redacted |
| HSBC | Bar Works, Inc. | Unknown |
| JP Morgan | Bar Works, Inc. | 1622 |
| JP Morgan | Bar Works, Inc. | 0770 |
| JPMorgan Chase | Renwick Robert Haddow | Redacted |
| JPMorgan Chase | Renwick Robert Haddow | Redacted |
| JPMorgan Chase | Bar Works 7th Avenue, Inc. | 1379 |
| JPMorgan Chase | Bar Works 7th Avenue, Inc. | 7390 |
| JPMorgan Chase | Bar Works Tribeca Inc. | 5629 |
| JPMorgan Chase | Bar Works Tribeca Inc. | 9353 |
| SunTrust | Bar Works, Inc. | Unknown |
| Wells Fargo | Bar Works, Inc. | 7906 |
| Wells Fargo | Bar Works, Inc. | 1172 |
| Wells Fargo | Bitcoin Store, Inc. | 4187 |

## Part II

To the extent not covered by Part I, all accounts in the names of any of the Defendants or the Relief Defendant, and all real property owned by any Defendant or Relief Defendant, including, but not limited to, property located at 615 Sacramento Street, San Francisco, California.

## Part III

To the extent not covered by Parts I and II, all accounts over which any Defendant or Relief Defendant has signatory authority, including, but not limited to, accounts in the name of any of the following entities over which any Defendant or Relief Defendant has signatory authority:

1. Bar Works 7th Ave., Inc.
2. Bar Works Eighth Avenue, Inc.
3. Bar Works Management, Inc.
4. BW Capital Properties, LLC
5. Bar Works Metropolitan, Inc.
6. Bar Works Tribeca Inc.
7. Bar Works USA, LLC
8. Bar Works West Village, Inc.
9. Bar Works Oakland, LLC
10. Bar Works San Francisco 1, LLC
11. Bar Works San Francisco OPS, LLC
12. US Tech Startup Fund, LP
13. Beyond the Bar Fitness, LLC