# Exhibit 14

Order: 0227017797
APN: 0240-014
Situs: 615 Sacramento St

**RECORDING REQUESTED
BY AND WHEN RECORDED
RETURN TO:**

Greenberg Traurig, LLP
2700 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103
Attention: Rachel Kipnes

This is to certify that this is a true and correct copy of the original document recorded on June 20, 2016 at 5:45 a.m. as No. 2016-K275656 in the County of San Francisco
Old Republic Title Company
By ____

(Space Above For Recorder's Use)

**DEED OF TRUST, SECURITY AGREEMENT,
ASSIGNMENT OF LEASES AND RENTS AND FIXTURE FILING
(California)**

by

**BAR WORKS CAPITAL, LLC,**
a California limited liability company, as Trustor,

to OLD REPUBLIC TITLE COMPANY OF CALIFORNIA,
as Trustee,

for the benefit of

**AFF SACRAMENTO, LLC,**
a Delaware limited liability company,
as Beneficiary

THIS INSTRUMENT CONSTITUTES A FIXTURE FILING AND IS TO BE INDEXED IN THE REAL PROPERTY RECORDS.

ATTENTION COUNTY RECORDER: THIS INSTRUMENT IS INTENDED TO BE EFFECTIVE AS A FINANCING STATEMENT FILED AS A FIXTURE FILING PURSUANT TO SECTION 9-501 AND 9-502 OF THE CALIFORNIA COMMERCIAL CODE. PORTIONS OF THE GOODS COMPOSING A PART OF THE REAL ESTATE PROPERTY ARE OR ARE TO BECOME FIXTURES RELATED TO THE REAL ESTATE DESCRIBED IN EXHIBIT "A" HERETO. THIS INSTRUMENT IS TO BE FILED FOR RECORD IN THE RECORDS OF THE COUNTY WHERE DEEDS OF TRUST ON REAL PROPERTY ARE RECORDED AND SHOULD BE INDEXED AS BOTH A DEED OF TRUST AND AS A FINANCING STATEMENT COVERING FIXTURES. THE ADDRESSES OF TRUSTOR (DEBTOR) AND BENEFICIARY (SECURED PARTY) ARE SPECIFIED IN THE OPENING PARAGRAPH OF THIS INSTRUMENT.

NOTICE: SOME OF THE OBLIGATIONS SECURED HEREBY PROVIDE FOR PERIODIC INCREASES AND/OR DECREASES IN THE APPLICABLE INTEREST RATE.

## DEED OF TRUST, SECURITY AGREEMENT, ASSIGNMENT OF LEASES AND RENTS AND FIXTURE FILING

THIS DEED OF TRUST, SECURITY AGREEMENT, ASSIGNMENT OF LEASES AND RENTS AND FIXTURE FILING ("**Deed of Trust**" or "**Security Instrument**") is made as of June 7, 2016 (the "**Effective Date**") by BAR WORKS CAPITAL, LLC, a California limited liability company ("**Trustor**"), with a mailing address at 160 W. 66th Street, Apartment 33J, New York, New York 10023, Attention: Renwick R. Haddow, to **OLD REPUBLIC COMPANY OF CALIFORNIA** ("**Trustee**") with a mailing address at 524 Gibson Drive, Roseville, California 95678, for the use and benefit of AFF SACRAMENTO, LLC, a Delaware limited liability company ("**Beneficiary**"), with a mailing address at 2100 Powers Ferry Road, Suite 350, Atlanta, Georgia 30339, Attention: Dror Bezalel.

## RECITALS:

(A) Beneficiary has agreed to make a loan in the original principal amount of Two Million Three Hundred Thousand Dollars ($2,300,000.00) (the "**Loan**") to Trustor.

(B) Trustor has executed and delivered to Beneficiary that certain Promissory Note, Secured by Deed of Trust dated the Effective Date (as amended from time to time, and as the same may be restated or replaced from time to time, the "**Note**"), payable to the order of Beneficiary in the principal amount of $2,300,000.00.

(C) All initially capitalized terms used and not otherwise herein defined shall have the respective meanings thereto given in that certain Loan Agreement, dated the Effective Date, by and between Trustor, as borrower, and Beneficiary, as lender.

(D) A condition precedent to Beneficiary's extension of the Loan is the execution and delivery by Trustor of this Deed of Trust.

**NOW, THEREFORE**, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Trustor agrees as follows:

## ARTICLE 1
## GRANT

Section 1.1. Grant. In order to secure the payment of the indebtedness hereinafter referred to and the performance of the obligations, covenants, agreements, warranties and undertakings of Trustor hereinafter described, Trustor hereby GRANTS, BARGAINS, SELLS, CONVEYS, TRANSFERS, ASSIGNS, MORTGAGES, WARRANTS AND SETS OVER to Trustee for the benefit of Beneficiary, its successors and assigns, and grants to Beneficiary a security interest in, the following described property, rights and interest (referred collectively herein as "**Property**") all of which property, rights and interest are hereby granted and pledged primarily and on parity with the real estate (as defined below) and not secondarily:

All estate, right, title, interest, claim and demand whatsoever which Trustor now has or hereafter acquires, either in law or in equity, in possession or expectancy, of, in and to (1) the real property described in Exhibit A attached hereto and made a part hereof (the "**Land**"), (2) all buildings, structures and other improvements, now or at any time situated, placed or constructed upon the Land (the "**Improvements**"), (3) all materials, supplies, appliances, equipment (as each such term is defined in the Uniform Commercial Code as adopted in the State of California in effect from time to time (the "**Code**"), apparatus and other items of personal property now or hereafter attached to, installed in or used in

connection with any of the Improvements or the Land, and water, gas, electrical, storm and sanitary sewer facilities and all other utilities whether or not situated in easements (the "**Fixtures**"), (4) all goods, inventory, accounts, general intangibles, software, investment property, instruments, letters of credit, letter-of-credit rights, deposit accounts, documents, chattel paper and supporting obligations, as each such term is presently or hereafter defined in the Code and all other personal property of any kind or character, now or hereafter affixed to, placed upon, used in connection with, arising from or otherwise related to the Land and Improvements or which may be used in or relating to the planning, development, financing or operation of the Property, including furniture, furnishings, equipment, machinery, money, insurance proceeds, accounts, contract rights, software, trademarks, goodwill, promissory notes, electronic and tangible chattel paper, payment intangibles, documents, trade names, licenses and/or franchise agreements, rights of Trustor under leases of Fixtures or other personal property or equipment, inventory, all refundable, returnable or reimbursable fees, deposits or other funds or evidences of credit or indebtedness deposited by or on behalf of Trustor with any governmental authorities, boards, corporations, providers of utility services, public or private, including all refundable, returnable or reimbursable tap fees, utility deposits, commitment fees and development costs, and commercial tort claims arising from the development, construction, use, occupancy, operation, maintenance, enjoyment, acquisition or ownership of the Property (the "**Personalty**"), notwithstanding the foregoing, Personalty shall not include any property belonging to tenants under leases, any property manager, guests or invitees of the Land and the Improvements, except to the extent that Trustor shall have any right or interest therein, (5) all deposit accounts (including accounts holding security deposits) maintained by Trustor with respect to the Property, (6) all plans, specifications, shop drawings and other technical descriptions prepared for construction, repair or alteration of the Improvements, and all amendments and modifications thereof (the "**Plans**"), (7) all leases, subleases, licenses, concessions, occupancy agreements, membership agreements or other agreements (written or oral, now or at any time in effect) which grant a possessory interest in, or the right to use, all or any part of the Property, together with all related security and other deposits (the "**Leases**"), (8) all of the rents, revenues, income, proceeds, profits, security and other types of deposits, lease cancellation payments and other benefits paid or payable by parties to the Leases other than Trustor for using, leasing, licensing, possessing, operating from, residing in, selling, terminating the occupancy of or otherwise enjoying the Property (the "**Rents**"), (9) all other agreements (to the extent assignable), such as construction contracts, architects' agreements, engineers' contracts, utility contracts, maintenance agreements, management agreements, service contracts, permits, licenses, certificates and entitlements in any way relating to the development, construction, use, occupancy, operation, maintenance, enjoyment, acquisition or ownership of the Property (the "**Property Agreements**"), (10) all rights, privileges, tenements, hereditaments, rights-of-way, easements, appendages and appurtenances appertaining to the foregoing, and all right, title and interest, if any, of Trustor in and to any streets, ways, alleys, strips or gores of land adjoining the Land or any part thereof, (11) all present and future accessories, additions, attachments, replacements and substitutions of, for or to any of the foregoing and all proceeds and products thereof, (12) all insurance policies (regardless of whether required by Beneficiary), unearned premiums therefor and proceeds from such policies covering any of the above property now or hereafter acquired by Trustor, (13) all mineral, water, oil and gas rights relating to all or any part of the Property, and (14) any awards, remunerations, reimbursements, settlements or compensation heretofore made or hereafter to be made by any governmental authority pertaining to the Land, Improvements, Fixtures or Personalty. As used in this Deed of Trust, the term "**Property**" shall mean all or, where the context permits or requires, any portion of the above or any interest therein, wherever located;

TO HAVE AND TO HOLD the Property unto Trustee, and its successors and substitutes in this trust and to its and their successors and assigns, in trust, WITH POWER OF SALE AND THE RIGHT OF RE-ENTRY AND POSSESSION, for the benefit of Beneficiary and its successors and assigns, upon the terms, provisions and conditions herein set forth.

**FOR THE PURPOSE OF SECURING:** all (a) principal, interest and all other amounts due from Trustor under or secured by the Loan Documents, including, without limitation, the indebtedness evidenced by the Note, except for the obligations of Trustor under that certain Hazardous Substances Indemnity Agreement ("**Indemnity**"), dated the Effective Date which obligations, notwithstanding anything to the contrary in this Deed of Trust, shall not be secured by this Deed of Trust; (b) principal, interest, and other amounts which may hereafter be loaned by Beneficiary, its successors or assigns, to or for the benefit of the owner of the Property, when evidenced by a promissory note or other instrument which, by its terms, is secured hereby, (c) any and all additional advances made by Beneficiary to protect or preserve the Property or the lien hereof on the Property, or to pay taxes, to pay premiums or insurance on the Property or to repair or maintain the Property, or to complete improvements on the Property (whether or not the original Trustor remains the owner of the Property at the time of such advances and whether or not the original Beneficiary remains the owner of the Indebtedness and this Deed of Trust), (d) the Exit Fee and the Minimum Interest Amount, if any, (e) any and all expenses incident to the collection of the Indebtedness secured hereby and the foreclosure hereof by action in any court or by exercise of the power of sale herein contained and (f) all other indebtedness, obligations and liabilities now or hereafter existing of any kind of Trustor to Beneficiary under documents which recite that they are intended to be secured by this Deed of Trust.

## ARTICLE 2
## WARRANTIES, REPRESENTATIONS AND COVENANTS

Section 2.1.    Title. Trustor represents, warrants and covenants that (a) Trustor is the holder of the fee simple title to the Property, free and clear of all liens and encumbrances, except those liens and encumbrances in favor of Beneficiary and as otherwise set forth in mortgagee's policy of title insurance delivered to Beneficiary concurrent with the execution of this Deed of Trust; and (b) Trustor has legal power and authority to mortgage and convey the Property.

Section 2.2.    Cooperation. Where any of the Property is in the possession of a third party, Trustor will join with Beneficiary in notifying the third party of Beneficiary's security interest and obtaining an acknowledgment from the third party that it is holding such Property for the benefit of Beneficiary. Trustor will cooperate with Beneficiary in obtaining control (for lien perfection purposes under the cODE) with respect to any Property consisting of deposit accounts, investment property, letter-of-credit rights or electronic chattel paper.

Section 2.3.    Payment and Performance. Trustor shall pay and perform, or cause to be paid or performed, the Obligations when due under the Loan.

Section 2.4.    Replacement of Fixtures and Personalty. Trustor snall not incorporate into the Property any item of Personalty, Fixtures or other property that is not owned by Trustor free and clear of all liens or security interests except the liens and security interests in favor of Beneficiary created by the Loan Documents.

Section 2.5.    Beneficiary Approval of Restrictions. Trustor shall not, without the prior consent of Beneficiary, create or make application for any new public restriction (including any zoning ordinance) or change to any existing public restriction (including any zoning ordinance), or create or modify any private restriction affecting the use of the Property.

Section 2.6.    Other Covenants. Certain of the covenants in the Loan Agreement (described below) are hereby incorporated herein by reference, and together with covenants in this Deed of Trust, shall be covenants running with the land. The applicable covenants set forth in the Loan Agreement include: (a) the prohibition against the further sale, transfer or encumbering of any of the Property and

against certain transfers of interests in Trustor or in entities owning interests in Trustor, (b) the obligation to pay when due all taxes on the Property, (c) the right of Beneficiary to inspect the Property, (d) the obligation to keep the Property insured as Beneficiary may require, (e) the obligation to comply with all legal requirements (including environmental laws), maintain the Property in good condition, and promptly repair any damage or casualty, and (f) except as otherwise permitted under the Loan Agreement, the obligation of Trustor to obtain Beneficiary's consent prior to entering into, modifying or taking other actions with respect to Leases.

Section 2.7. Condemnation Awards and Insurance Proceeds. Grantor assigns to Beneficiary all awards and compensation for any condemnation or other taking, or any purchase in lieu thereof, and all proceeds of any insurance policies insuring against loss or damage to the Property. All such awards, compensation and proceeds shall be governed by and subject to the provisions of the Loan Agreement governing the same.

ARTICLE 3
ASSIGNMENT OF RENTS AND LEASES

Section 3.1. Assignment. Trustor unconditionally and absolutely assigns to Beneficiary all of Trustor's right, title and interest in and to the Leases and Rents. This assignment is an absolute assignment to Beneficiary and not an assignment as security for the payment and performance of the Obligations.

Section 3.2. Rights of Beneficiary. Subject to the provisions of **Section 3.5** below, Beneficiary shall have the right, power and authority to: (a) notify any Person that the Leases have been assigned to Beneficiary and that all Rents are to be paid directly to Beneficiary, whether or not Beneficiary has commenced or completed foreclosure or taken possession of the Property; (b) settle, compromise, release, extend the time of payment of, and make allowances, adjustments and discounts of any Rents or other obligations under the Leases; (c) enforce payment of Rents and other rights under the Leases, prosecute any action or proceeding, and defend against any claim with respect to Rents and Leases; (d) enter upon, take possession of and operate the Property; (e) lease all or any part of the Property; and/or (f) perform any and all obligations of Trustor under the Leases and exercise any and all rights of Trustor therein contained to the full extent of Trustor's rights and obligations thereunder, with or without the bringing of any action or the appointment of a receiver. At Beneficiary's request, Trustor shall deliver a copy of this Agreement to each tenant under a Lease and to each manager and managing agent or operator of the Property. Trustor irrevocably directs any tenant, manager, managing agent, or operator of the Property, without any requirement for notice to or consent by Trustor, to comply with all demands of Beneficiary under this Agreement and to turn over to Beneficiary on demand all Rents which it receives.

Section 3.3. No Obligation. Notwithstanding Beneficiary's rights hereunder, Beneficiary shall not be obligated to perform, and Beneficiary does not undertake to perform, any obligation, duty or liability with respect to the Leases, Rents or Property on account of this Security Instrument. Beneficiary shall have no responsibility on account of this Security Instrument for the control, care, maintenance or repair of the Property, for any waste committed on the Property, for any dangerous or defective condition of the Property, or for any negligence in the management, upkeep, repair or control of the Property.

Section 3.4. Right to Apply Rents. Beneficiary shall have the right, but not the obligation, to use and apply any Rents received hereunder in accordance with **Section 5.2** hereof.

Section 3.5. Revocable License. Notwithstanding that the assignment of the Rents and Leases under this **Article 3** is an absolute assignment of the Rents and Leases and not merely the collateral

assignment of, or the grant of a lien or security interest in the Rents and Leases, Beneficiary grants to Trustor a revocable license to collect and receive the Rents and to retain, use and enjoy such Rents. Upon the occurrence and during the continuance of any Event of Default, such license may be revoked by Beneficiary, without notice to or demand (in accordance with applicable law) upon Trustor, and Beneficiary immediately shall be entitled to receive and apply all Rents, whether or not Beneficiary enters upon and takes control of the Property. Prior to such revocation, Trustor shall apply any Rents which it receives in accordance with the Loan Agreement.

Section 3.6.   Liability of Beneficiary. Beneficiary shall not in any way be liable to Trustor for any action or inaction of Beneficiary, its employees or agents under this **Article 3**.

Section 3.7.   No Merger of Estates. So long as any part of the Obligations secured hereby remain unpaid and undischarged, the fee and leasehold estates to the Property shall not merge, but shall remain separate and distinct, notwithstanding the union of such estates either in Trustor, Beneficiary, any lessee or any third party by purchase or otherwise.

## ARTICLE 4
## SECURITY AGREEMENT

Section 4.1.   Security Interest. This Security Instrument constitutes a "Security Agreement" on personal property within the meaning of the Code and other applicable law with respect to the Personalty, Fixtures, Plans, Leases, Rents and Property Agreements. To this end, Trustor grants to Beneficiary, a first and prior security interest in the Personalty, Fixtures, Plans, Leases, Rents and Property Agreements and all other Property which is personal property to secure the payment and performance of the Obligations, and agrees that Beneficiary shall have all the rights and remedies of a secured party under the Code with respect to such property. Any notice of sale, disposition or other intended action by Beneficiary with respect to the Personalty, Fixtures, Plans, Leases, Rents and Property Agreements sent to Trustor at least ten (10) Business Days prior to any action under the Code shall constitute reasonable notice to Trustor.

Section 4.2.   Financing Statements. Trustor hereby irrevocably authorizes Beneficiary, at any time and from time to time, to file in any filing office in any Code jurisdiction one or more financing or continuation statements and amendments thereto, relative to all or any part of the Property, without the signature of Trustor where permitted by law. Trustor agrees to furnish Beneficiary, promptly upon request, with any information required by Beneficiary to complete such financing or continuation statements. If Beneficiary has filed any initial financing statements or amendments in any Code jurisdiction prior to the date hereof, Trustor ratifies and confirms its authorization of all such filings. Trustor acknowledges that it is not authorized to file any financing statement or amendment or termination statement with respect to any financing statement without the prior written consent of Beneficiary, and agrees that it will not do so without Beneficiary's prior written consent, subject to Trustor's rights under Section 9-509(d)(2) of the Code. Trustor shall execute and deliver to Beneficiary, in form and substance satisfactory to Beneficiary, such additional financing statements and such further assurances as Beneficiary may, from time to time, reasonably consider necessary to create, perfect and preserve Beneficiary's security interest hereunder and Beneficiary may cause such statements and assurances to be recorded and filed, at such times and places as may be required or permitted by law to so create, perfect and preserve such security interest.

Section 4.3.   Fixture Filing. This Security Instrument shall also constitute a "fixture filing" for the purposes of Code Section 9-502(c), as amended or recodified from time to time, against all of the Property which is or is to become fixtures. Information concerning the security interest herein granted may be obtained at the addresses of Debtor (Trustor) and Secured Party (Beneficiary) as set forth in the

first paragraph of this Security Instrument. The name and address of the Debtor (Trustor) and Secured Party (Beneficiary) are as set forth in the first paragraph of this Security Instrument, the description of the collateral is included in the definition of Property set forth in **Article 4** of this Security Instrument and the description of real estate to which the collateral is attached or upon which it is or will be located is described in Exhibit A attached hereto.

Section 4.4.    Representations. Trustor represents and warrants that:

(a)    Trustor is the record owner of the Property;

(b)    Trustor's chief executive office is located in the State of California;

(c)    Trustor's state of organization is the State of California; and

(d)    Trustor's exact legal name is as set forth in the first paragraph of this Deed of Trust.

Section 4.5.    Beneficiary's Rights. In addition to Beneficiary's rights under the Code, Beneficiary may, but shall not be obligated to, at any time and at the expense of Trustor (i) give notice to any person of Beneficiary's rights hereunder and enforce such rights; (ii) insure, protect, defend and preserve the Collateral and any rights or interests of Beneficiary therein; (iii) inspect such Collateral; and (iv) endorse, collect and receive any right to payment of money owing to Trustor under or from such Collateral. Beneficiary shall have no duty or obligation to make or give any presentments, demands for performance, notices of non-performance, notices of protest or notices of dishonor in connection with any of such Collateral.

Section 4.6.    Collateral. Trustor and Beneficiary agree that the filing of a financing statement in the records normally having to do with personal property shall not be construed as in any way derogating from or impairing this Deed of Trust and the intention of the parties that everything used in connection with the production of income from the Property or adapted for use therein or which is described or reflected in this Deed of Trust is, and at all times and for all purposes and in all proceedings both legal or equitable shall be regarded as, part of the real estate subject to the lien of this Deed of Trust, irrespective of whether (i) any such item is physically attached to improvements located on such real property or (ii) any such item is referred to or reflected in any financing statement so filed at any time. Similarly, the mention in any such financing statement of (A) the rights in or the proceeds of any fire or hazard insurance policy or (B) any award in eminent domain proceedings for taking or for loss of value or for any cause of action or proceeds thereof in connection with any damage or injury to the Property or any part thereof shall never be construed as in any way altering any of the rights of Beneficiary as determined by this instrument or impugning the priority of Beneficiary's lien granted hereby or by any other recorded document, but such mention in such financing statement is declared to be for the protection of Beneficiary in the event any court shall at any time hold with respect to matters (A) and (B) above that notice of Beneficiary's priority of interest, to be effective against a particular class of persons, including, without limitation, the Federal government and any subdivision or entity of the Federal government, must be filed in the personal property records or other commercial code records.

Section 4.7.    Additional Collateral.

(a)    It is understood and agreed that, in order to protect Beneficiary from the effect of Code Section 9-334, as amended from time to time, in the event that (i) Trustor intends to purchase any goods which may become fixtures to the Land or Improvements, or any part thereof, and (ii) such goods will be subject to a security interest held by a seller or any other

*CHI 67048283v2*

7

party, Trustor shall, before executing any security agreement or other document evidencing such security interest, obtain the prior written approval of Beneficiary, and all requests for such written approval shall be in writing and contain the following information: (i) a description of the fixtures to be replaced, added to installed or substituted; (ii) the address at which the fixtures will be replaced, added to, installed or substituted; and (iii) the name and address of the proposed holder and proposed amount of the security interest. Any failure of Trustor to obtain such approval shall be a material breach of Trustor's covenants under this Deed of Trust, and shall, at the option of Beneficiary, entitle Beneficiary to all rights and remedies provided for herein upon default. No consent by Beneficiary pursuant to this section shall be deemed to constitute an agreement to subordinate any right of Beneficiary in fixtures or other property covered by this Deed of Trust.

(b)     Beneficiary shall have the right to acquire by assignment from the holder of such security interest any and all contract rights, accounts receivable, negotiable or non-negotiable instruments or other evidence of Trustor's indebtedness for such personal property or fixtures and, upon acquiring such interest by assignment, shall have the right to enforce the security interest as assignee thereof in accordance with the terms and provisions of the Code then in effect and in accordance with any other provisions of law.

(c)     If at any time Trustor fails to make any payment on an obligation secured by a security interest in such personal property or fixtures, Beneficiary, at its option, may at any time pay the amount secured by such security interest and the amount so paid shall be (i) secured by this Deed of Trust and shall be a lien on the Property having the same priorities as the liens and security interests created by this Deed of Trust, and (ii) payable on demand with interest at the rate specified in the Note from the time of such payment. If Trustor shall fail to make such payment to Beneficiary within ten (10) days after demand, the entire principal sum secured thereby with all unpaid accrued interest and late charges or other amounts owing thereunder, shall, at the option of Beneficiary, become due and payable immediately.

## ARTICLE 5

Section 5.1.     Events of Default; Acceleration.  An Event of Default under the Loan Agreement shall constitute an "**Event of Default**" for purposes of this Deed of Trust.

Section 5.2.     Remedies and Application of Proceeds.  Upon the occurrence of an Event of Default, Beneficiary may at any time, at its option and in its sole discretion, declare all Indebtedness to be due and payable and the same shall thereupon become immediately due and payable, including the Prepayment Fee, under the terms of the Indebtedness; with interest accruing thereon from the date of the Event of Default until paid, at the Default Rate. In addition to exercising any other remedy available at law, in equity and/or under the other Loan Documents, Beneficiary may also do any or all of the following, concurrently or otherwise, at such time and in such order as Beneficiary may determine, in its sole discretion, although it shall have no obligation to do any of the following:

(a)     Either in person or by agent, with or without bringing any action or proceeding, or by a receiver appointed by a court and without regard to the adequacy of Beneficiary's security, enter without process of law upon and take possession of the Property, or any part thereof, and do any acts which Beneficiary deems necessary or desirable to preserve the value, marketability or rentability of the Property, or to increase the income therefrom or to protect the security hereof and, with or without taking possession of any of the Property, sue for or otherwise collect all rents and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorneys' fees and expenses, upon

the Indebtedness, all in such order as Beneficiary may determine. The collection of rents and profits and the application thereof shall not cure or waive any Event of Default or notice thereof or invalidate any act done in response thereto or pursuant to such notice. In furtherance of the foregoing, to the fullest extent permitted by applicable law, following the occurrence of an Event of Default and during the continuance thereof, Beneficiary shall have the right to apply to a court of competent jurisdiction for and obtain appointment of a receiver of the Property as a matter of strict right and without regard to the value of the Property or the adequacy of the security for the Indebtedness, the existence of a declaration that the Indebtedness are immediately due and payable, or the filing of a notice of default, and Trustor hereby consents to such appointment;

(b) Bring an action in any court of competent jurisdiction to foreclose this instrument or to enforce any of the covenants hereof;

(c) Elect to sell by power of sale the Land and such other property which is Land and Improvements or which Beneficiary has elected to treat as Land and Improvements and, upon such election, such notice of Event of Default and election to sell shall be given as may then be required by law.

(d) To the extent applicable, in addition to any other remedies available to Beneficiary, Beneficiary may seek a judgment that Trustor has breached any of the covenants, representations, or warranties in this Deed of Trust or any other Loan Documents that are deemed to be environmental provisions pursuant to California Code of Civil Procedure Section 736 (each an "**Environmental Provision**"), by commencing and maintaining an action or actions in any court of competent jurisdiction pursuant to California Code of Civil Procedure Section 736, whether commenced prior to or after foreclosure of the lien of this Deed of Trust or exercise by Beneficiary of the power of sale. Beneficiary or its agents, representatives, and employees may also seek an injunction to cause Trustor to abate any action in violation of any Environmental Provision and may seek the recovery of all costs, damages, expenses, fees, penalties, fines, judgments, indemnification payments to third parties, and other out-of-pocket costs or expenses actually incurred or advanced by Beneficiary (collectively, "**Environmental Costs**") relating to the cleanup, remedy, or other response action required by any Environmental Law (defined herein), or any Hazardous Substance Claim (as hereinafter defined), or which Beneficiary believes necessary to protect the Property. It will be conclusively presumed between Beneficiary and Trustor that all Environmental Costs incurred or advanced by Beneficiary relating to the cleanup, remedy, or other response action of or to the Property were made by Beneficiary in good faith. All Environmental Costs incurred by Beneficiary under this subparagraph (including, but not limited to, court costs, consultant fees, and reasonable attorneys' fees, whether incurred in litigation and whether before or after judgment) shall bear interest at the Default Rate from the date of demand until they have been paid in full. Beneficiary shall be entitled to bid, at any trustee's or foreclosure sale of the Property, the amount of the Environmental Costs, and interest in addition to the amount of other indebtedness. As used herein, the term "**Hazardous Substance Claim**" means any enforcement, cleanup, removal, remedial or other governmental, regulatory or private actions, agreements or orders threatened or instituted pursuant to any Environmental Law, together with all claims made or threatened by any third party against Trustor or the Property relating to damage, contribution, cost-recovery compensation, loss or injury resulting from the presence, Release or discharge of any Hazardous Substance. "**Environmental Law(s)**" means any and all federal, state and local laws (whether under common law, statute, rule, regulation or otherwise), requirements under permits or other authorizations issued with respect thereto, and other orders, decrees, judgments, directives or other requirements of any governmental authority relating to or imposing liability or standards of conduct (including disclosure or notification) concerning protection of human health or the

environment or Hazardous Substances or any activity involving Hazardous Substances (defined herein), all as previously and in the future to be amended. **"Hazardous Substance"** means, but is not limited to, any substance, chemical, material or waste (A) the presence of which causes a nuisance or trespass of any kind; (B) which is regulated by any federal, state or local governmental authority because of its toxic, flammable, corrosive, reactive, carcinogenic, mutagenic, infectious, radioactive, or other hazardous property or because of its effect on the environment, natural resources or human health and safety, including, but not limited to, petroleum and petroleum products, asbestos-containing materials, polychlorinated biphenyls, lead and lead-based paint, radon, radioactive materials, flammables and explosives; or (C) which is designated, classified, or regulated as being a hazardous or toxic substance, material, pollutant, waste (or a similar such designation) under any federal, state or local law, regulation or ordinance, including under any Environmental Law including, without limitation, the Resource Conservation and Recovery Act of 1976 (42 U.S.C. §§6901 et seq.), the Comprehensive Environmental Response Compensation and Liability Act (42 U.S.C. §9601 et seq.), as amended by the Superfund Amendments and Reauthorization Act of 1986, the Federal Water Pollution Control Act, 33 U.S.C. §§7401, et seq., the Toxic Substance Control Act, 15 U.S.C. §§2601-2629, the Safe Drinking Water Act, 42 U.S.C. §§300f-300j, the Emergency Planning and Community Right-to-Know Act (42 U.S.C. §11001 et seq.), the Hazardous Substances Transportation Act (49 U.S.C. §1801 et seq.), or the Clean Air Act (42 U.S.C. §7401 et seq.);

(e)     Beneficiary or its agents, representatives, and employees may waive its lien against the Property or any portion of it, including the improvements and the personal property, to the extent that the Property is found to be environmentally impaired in accordance with California Code of Civil Procedure Section 726.5, and to exercise all rights and remedies of an unsecured creditor against Trustor and all of Trustor's assets and property for the recovery of any deficiency and Environmental Costs, including, but not limited to, seeking an attachment order under California Code of Civil Procedure Section 483.010. No such waiver shall be final or binding on Beneficiary unless and until a final money judgment is obtained against Trustor. As between Beneficiary and Trustor, for purposes of California Code of Civil Procedure Section 726.5, Trustor will have the burden of proving that the release or threatened release was not knowingly or negligently caused or contributed to, or knowingly or willfully permitted or acquiesced to by Trustor or any related party (or any affiliate or agent of Trustor or any related party) and that Trustor made written disclosure thereof to Beneficiary or that Beneficiary otherwise obtained actual knowledge thereof prior to the making of the loan evidenced by the Note. Notwithstanding anything to the contrary contained in the Deed of Trust or any of the Loan Documents, Trustor shall be fully and personally liable for all judgments and awards entered against Trustor pursuant to California Code of Civil Procedure Section 726.5 and such liability shall not be limited by the original principal amount of the obligations secured by this Deed of Trust. Trustor's obligations hereunder shall survive the foreclosure, deed of lieu of foreclosure, release, reconveyance or any other transfer of the Property or this Deed of Trust. For the purposes of any action brought under this section, Trustor hereby waives the defense of laches and any applicable statute of limitations. For purposes of California Code of Civil Procedure Section 726.5, the acts, knowledge and notice of each "726.5 Party" shall be attributed to and be deemed to have been performed by the party or parties then obligated on or liable for payment of the Note. As used herein, "726.5 Party" shall mean Trustor, any partner thereof, any successor owner to Trustor of all or any portion of the Property, any related party of Trustor or any such successor and any affiliate or agent of Trustor, any such successor or any such related party;

(f)     Apply any sums then held in escrow or otherwise by Beneficiary in accordance with the terms of this Deed of Trust or any other Loan Document to the payment of the Indebtedness;

(g) Exercise all rights available to Trustor under the Code;

(h) Exercise each of its other rights and remedies under this Deed of Trust or any other Loan Documents;

(i) Except as otherwise required by law, apply the proceeds of any foreclosure or disposition hereunder to payment of the following: (i) the expenses of such foreclosure or disposition, including, without limitation, the fees of Trustee and the costs of the Tests and Studies, (ii) the cost of any search or other evidence of title procured in connection therewith and revenue stamps on any deed or conveyance, (iii) all sums expended under the terms hereof, not then repaid, with accrued interest in the amount provided herein, (iv) all other sums secured hereby, and (v) the remainder, if any, to the person or persons legally entitled thereto;

(j) Upon any sale or sales made under or by virtue of this section, whether made under the power of sale or by virtue of judicial proceedings or of a judgment or decree of foreclosure and sale, Beneficiary may bid for and acquire the Property or any part thereof. In lieu of paying cash for the Property, Beneficiary may make settlement for the purchase price by crediting against the Indebtedness the sales price of the Property, as adjusted for the expenses of sale and the costs of the action and any other sums for which Trustor is obligated to reimburse Trustee or Beneficiary under this Deed of Trust;

(k) In the event that Trustor has an equity of redemption and the Property is sold pursuant to the power of sale or otherwise under or by virtue of this paragraph, the purchaser may, during any redemption period allowed, make such repairs or alterations (but not additions) on said Property as may be reasonably necessary for the proper operation, care, preservation, protection and insuring thereof. Any sums so paid together with interest thereon from the time of such expenditures at the Default Rate (if not prohibited by law, otherwise at the highest lawful contract rate) shall be added to and become a part of the amount required to be paid for redemption from such sale; and

(l) With or without notice, and without releasing Trustor from any of its obligations secured hereby, and without becoming a mortgagee in possession, to cure any breach or Event of Default of Trustor and, in connection therewith, to enter upon the Property and do such acts and things as Beneficiary or Trustee deem necessary or desirable to protect the security hereof, including, without limitation: (i) to appear in and defend any action or proceeding purporting to affect the security of this Deed of Trust or the rights or powers of Beneficiary or Trustee under this Deed of Trust; (ii) to pay, purchase, contest or compromise any encumbrance, charge, lien or claim of lien which, in the sole judgment of either Beneficiary or Trustee, is or may be senior in priority to this Deed of Trust, the judgment of Beneficiary or Trustee being conclusive as between the parties hereto; (iii) to obtain insurance; (iv) to pay any premiums or charges with respect to insurance required to be carried under this Deed of Trust; or (v) to employ counsel, accountants, contractors and other appropriate persons.

Section 5.3. <u>Beneficiary's Right of Possession in Case of Default</u>. At any time after an Event of Default has occurred and remains continuing, Trustor shall, upon demand of Beneficiary, surrender to Beneficiary possession of the Property. Beneficiary, in its discretion, may, with process of law, enter upon and take and maintain possession of all or any part of the Property, together with all documents, books, records, papers and accounts relating thereto, and may exclude Trustor and its employees, agents or servants therefrom, and Beneficiary may then hold, operate, manage and control the Property, either personally or by its agents. Beneficiary shall have full power to use such measures, legal or equitable, as in its discretion may be deemed proper or necessary to enforce the payment or security of the avails, rents,

issues, and profits of the Property, including actions for the recovery of rent, actions in forcible detainer and actions in distress for rent. Without limiting the generality of the foregoing, Beneficiary shall have full power to:

       (a)    cancel or terminate any lease or sublease for any cause or on any ground which would entitle Trustor to cancel the same;

       (b)    elect to disaffirm any lease or sublease which is then subordinate to the lien hereof;

       (c)    extend or modify any then existing leases and to enter into new leases, which extensions, modifications and leases may provide for terms to expire, or for options to lessees to extend or renew terms to expire, beyond the Maturity Date and beyond the date of the issuance of a deed or deeds to a purchaser or purchasers at a foreclosure sale, it being understood and agreed that any such leases, and the options or other such provisions to be contained therein, shall be binding upon Trustor and all persons whose interests in the Property are subject to the lien hereof and upon the purchaser or purchasers at any foreclosure sale, notwithstanding any redemption from sale, discharge of the Indebtedness, satisfaction of any foreclosure judgment, or issuance of any certificate of sale or deed to any purchaser;

       (d)    make any repairs, renewals, replacements, alterations, additions, betterments and improvements to the Property as Beneficiary deems are necessary;

       (e)    insure and reinsure the Property and all risks incidental to Beneficiary's possession, operation and management thereof; and

       (f)    receive all of such avails, rents, issues and profits.

    Section 5.4.    *Application of Income Received by Beneficiary*. To the extent permitted by applicable law, Beneficiary, in the exercise of the rights and powers hereinabove conferred upon it upon the occurrence and during the continuance of an Event of Default, shall have full power to use and apply the avails, rents, issues and profits of the Property to the payment of or on account of the following, in such order as Beneficiary may determine:

       (a)    to the payment of the operating expenses of the Property, including cost of management and leasing thereof (which shall include compensation to Beneficiary and its agent or agents, if management be delegated to an agent or agents, and shall also include lease commissions and other compensation and expenses of seeking and procuring tenants and entering into leases), established claims for damages, if any, and premiums on insurance hereinabove authorized;

       (b)    to the payment of taxes and special assessments now due or which may hereafter become due on the Property; and

       (c)    to the payment of any Indebtedness, including any deficiency which may result from any foreclosure sale.

    Section 5.5.    *Rights Cumulative*. Each right, power and remedy herein conferred upon Beneficiary is cumulative and in addition to every other right, power or remedy, express or implied, given now or hereafter existing under any of the Loan Documents or at law or in equity, and each and every right, power and remedy herein set forth or otherwise so existing may be exercised from time to time as

*CHI 67048283v2*

12

ORT0102

often and in such order as may be deemed expedient by Beneficiary, and the exercise or the beginning of the exercise of one right, power or remedy shall not be a waiver of the right to exercise at the same time or thereafter any other right, power or remedy, and no delay or omission of Beneficiary in the exercise of any right, power or remedy accruing hereunder or arising otherwise shall impair any such right, power or remedy, or be construed to be a waiver of any Event of Default or acquiescence therein.

## ARTICLE 6
## MISCELLANEOUS

Section 6.1. Notices. All Notices required or permitted to be given hereunder shall be in accordance with **Section 12.1** of the Loan Agreement.

Section 6.2. Covenants Running with the Land. All of the covenants in the Loan Agreement and in **Article 3** of this Security Instrument, and all other Obligations contained in this Security Instrument, are intended by Trustor and Beneficiary to be, and shall be construed as, covenants running with the Property. As used herein, "Trustor" shall refer to the party named in the first paragraph of this Security Instrument and to any subsequent owner of all or any portion of the Property (without in any way implying that Beneficiary has or will consent to any such conveyance or transfer of the Property). All persons or entities who may have or acquire an interest in the Property shall be deemed to have notice of, and be bound by, the terms of the Loan Agreement and the other Loan Documents; however, no such party shall be entitled to any rights thereunder without the prior written consent of Beneficiary.

Section 6.3. Attorney-in-Fact. Trustor hereby irrevocably appoints Beneficiary and its successors and assigns, as its attorney-in-fact, which agency is coupled with an interest, (a) while any Event of Default exists, to execute and/or record any notices of completion, cessation of labor, or any other notices that Beneficiary deems appropriate to protect Beneficiary's interest, if Trustor shall fail to do so within ten (10) days after written request by Beneficiary, (b) to execute any or all of the rights or powers described in **Article 3** with the same force and effect as if executed by Trustor, and Trustor ratifies and confirms any and all acts done or omitted to be done by Beneficiary, its agents, servants, employees or attorneys in, to or about the Property, (c) upon the issuance of a deed pursuant to the foreclosure of this Security Instrument or the delivery of a deed in lieu of foreclosure, to execute all instruments of assignment, conveyance or further assurance with respect to the Leases, Rents, Personalty, Fixtures, Plans and Property Agreements in favor of the grantee of any such deed and as may be necessary or desirable for such purpose, (d) to prepare, execute and file or record financing statements, continuation statements, applications for registration and like papers necessary to create, perfect or preserve Beneficiary's security interests and rights in or to any of the Property, and (e) while any Event of Default exists, to perform any obligation of Trustor hereunder; however: (1) Beneficiary shall not under any circumstances be obligated to perform any obligation of Trustor; (2) any sums advanced by Beneficiary in such performance shall be added to and included in the Obligations and shall bear interest at the Default Rate; (3) Beneficiary as such attorney-in-fact shall only be accountable for such funds as are actually received by Beneficiary; and (4) Beneficiary shall not be liable to Trustor or any other Person for any failure to take any action which it is empowered to take under this Section.

Section 6.4. Successors and Assigns. This Security Instrument shall be binding upon and inure to the benefit of Beneficiary and Trustor and their respective successors and assigns. Trustor shall not, without the prior written consent of Beneficiary, assign any rights, duties or obligations hereunder.

Section 6.5. No Waiver. Any failure by Beneficiary to insist upon strict performance of any of the terms, provisions or conditions of the Loan Documents shall not be deemed to be a waiver of same, and Beneficiary shall have the right at any time to insist upon strict performance of all of such terms, provisions and conditions.

Section 6.6.   <u>Loan Agreement</u>.   If any conflict or inconsistency exists between this Security Instrument and the Loan Agreement, the Loan Agreement shall govern; provided, however, the terms and conditions of this Security Instrument shall continue to control and govern with respect to matters relating to the creation, perfection, priority and enforcement of the lien and security title of this Security Instrument.

Section 6.7.   <u>Release or Reconveyance</u>.   Upon full payment and performance of the Obligations, Beneficiary, at Trustor's expense, shall cancel and surrender of record this Security Instrument, and release the liens and security interests created by this Security Instrument or reconvey the Property to Trustor.

Section 6.8.   <u>Waiver of Stay, Moratorium and Similar Rights</u>.   Trustor agrees, to the full extent that it may lawfully do so, that it will not at any time insist upon or plead or in any way take advantage of any appraisement, valuation, stay, marshalling of assets, extension, redemption or moratorium law now or hereafter in force and effect so as to prevent or hinder the enforcement of the provisions of this Security Instrument or the Indebtedness secured hereby, or any agreement between Trustor and Beneficiary or any rights or remedies of Beneficiary, or any one or more of them.

Section 6.9.   <u>Obligations of Trustor, Joint and Several</u>.   If more than one Person or entity has executed this Deed of Trust as "Trustor," the obligations of all such Persons hereunder shall be joint and several.

Section 6.10.   <u>Governing Law</u>.   THIS SECURITY INSTRUMENT SHALL BE GOVERNED BY, AND CONSTRUED IN ACCORDANCE WITH, THE LAWS OF THE STATE OF CALIFORNIA (WITHOUT REGARD TO PRINCIPLES OF CONFLICTS OF LAW OTHER THAN THE CHOICE OF LAW RULES OF THE UNIFORM COMMERCIAL CODE OF SUCH STATE).

Section 6.11.   <u>Interpretation</u>.   The Article, Section and Subsection titles hereof are inserted for convenience of reference only and shall in no way alter, modify or define, or be used in construing, the text of such Articles, Sections or Subsections. When used in this Deed of Trust, "include(s)" shall mean "include(s), without limitation," and "including" shall mean "including, but not limited to."

Section 6.12.   <u>Counterparts</u>.   This Deed of Trust may be executed in any number of counterparts, all which shall be deemed one in the same instrument. Copies of originals, including copies delivered by facsimile, PDF or other electronic means, shall have the same import and effect as original counterparts and shall be valid, enforceable and binding for the purposes of this Deed of Trust. For purposes of recordation, original, executed counterpart signature pages may be attached to one copy of this Deed of Trust to form one document.

Section 6.13.   <u>Entire Agreement</u>.   This Deed of Trust and the other Loan Documents embody the entire agreement and understanding between Beneficiary and Trustor and supersede all prior agreements and understandings between such parties relating to the subject matter hereof and thereof. Accordingly, the Loan Documents may not be contradicted by evidence of prior, contemporaneous or subsequent oral agreements of the parties. There are no unwritten oral agreements between the parties.

Section 6.14.   <u>Future Advances</u>.   This Deed of Trust is given to secure not only existing Indebtedness (including, without limitation, any existing obligations incurred or any advances made at or prior to the recording of this Deed of Trust), but also future advances and/or future obligations made pursuant to or as provided in the Loan Documents and any other documents from time to time evidencing any of the advances or obligations secured hereby, to the same extent as if such future advances and/or future obligations were made on the date of recording hereof, and although there may be no Indebtedness

outstanding at the time any advance is made or obligation incurred. To the fullest extent permitted by law, the lien of this Deed of Trust shall be valid as to all such Indebtedness, including, without limitation, all revolving credit and future advances and other future obligations, from the time this Deed of Trust is recorded.

Section 6.15. Additional Agreements. Beneficiary may substitute Trustee hereunder in any manner now or hereafter provided by law or, in lieu thereof, Beneficiary may from time to time, by an instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed and acknowledged by Beneficiary and recorded in the office of the recorder of the county in which the Land and Improvements are situated, shall be conclusive proof of proper substitution of such successor Trustee, who shall thereupon and without conveyance from the predecessor Trustee, succeed to all its title, estate, rights, powers and duties.

## ARTICLE 7
## ADDITIONAL STATE SPECIFIC PROVISIONS

Section 7.1. Foreclosure By Power of Sale. Should Beneficiary elect to foreclose by exercise of the power of sale herein contained, Beneficiary shall deliver to Trustee a written declaration of default and demand for sale, and shall deposit with Trustee this Deed of Trust and the Note and such receipts and evidence of expenditures made and secured hereby as Trustee may require.

(a) Upon receipt of notice from Beneficiary, Trustee shall cause to be recorded, published and delivered to Trustor such notice of default and election to sell as is then required by law. Trustee shall, without demand on Trustor, after lapse of such time as may then be required by law and after recordation of such notice of default and after notice of sale having been given as required by law, sell the Collateral at the time and place of sale fixed by it in said notice of sale, either as a whole, or in separate lots or parcels or items and in such order as Beneficiary may direct Trustee so to do, at public auction to the highest bidder for cash in lawful money of the United States payable at the time of sale. Trustee shall deliver to such purchaser or purchasers thereof its good and sufficient deed or deeds conveying the property so sold, but without any covenant or warranty, express or implied. The recitals in such deed of any matter or fact shall be conclusive proof of the truthfulness thereof. Any person, including, without limitation, Trustor, Trustee or Beneficiary, may purchase at such sale, and Trustor hereby covenants to warrant and defend the title of such purchaser or purchasers.

(b) Subject to applicable law, Trustee may postpone the sale of all or any portion of the Collateral by public announcement at the time and place of sale, and from time to time thereafter may postpone such sale by public announcement or subsequently noticed sale, and without further notice make such sale at the time fixed by the last postponement, or may, in its discretion, give a new notice of sale.

(c) Trustee shall deliver to the purchaser at such sale a deed conveying the Property or portion thereof so sold, but without any covenant or warranty, express or implied. The recitals in the deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Beneficiary shall have the right to become the purchaser at any sale held by any Trustee or substitute or successor Trustee, or by any receiver or public officer. Any Beneficiary purchasing at any such sale shall have the right to credit the secured indebtedness owing to such Beneficiary upon the amount of its bid entered at such sale to the extent necessary to satisfy such bid. Said Trustee may appoint an attorney-in-fact to act in its stead as Trustee to conduct sale as hereinbefore provided. Trustor authorizes and empowers the Trustee to sell the Property, in lots or parcels or as a whole, and to execute and deliver to the purchaser or purchasers thereof good

and sufficient deeds of conveyance thereto of the estate of title then existing on the Property and bills of sale with covenants of general warranty. Trustor binds himself/herself to warrant and forever defend the title of such purchaser or purchasers when so made by the Trustee, and agrees to accept proceeds of said sale, if any, which are payable to Trustor as provided herein.

Section 7.2.   Separate Sales. The Collateral may be sold in one or more parcels and in such manner and order as Beneficiary, in its sole discretion, may direct Trustee so to do. A sale of less than the whole of the Collateral or any defective or irregular sale made hereunder shall not exhaust the power of sale provided for herein, and subsequent sales may be made hereunder until all obligations secured hereby have been satisfied, or the entire Collateral sold, without defect or irregularity.

Section 7.3.   Release of and Resort to the Collateral. Beneficiary may release, regardless of consideration and without the necessity for any notice to a consent by the holder of any subordinate lien on the Collateral, any part of the Collateral without, as to the remainder, in any way impairing, affecting, subordinating or releasing the lien or security interests created in or evidenced by the Loan Documents or their stature as a first and prior lien and security interest in and to the Collateral. For payment of the obligations secured hereby, Beneficiary may resort to any other security in such order and manner as Beneficiary may elect.

Section 7.4.   Waiver of Redemption and Notice. To the fullest extent permitted by law, Trustor hereby irrevocably and unconditionally waives and releases (i) all benefit that might accrue to Trustor by virtue of any present or future statute of limitations or law or judicial decision exempting the Collateral from attachment, levy or sale on execution or providing for any appraisement, valuation, stay of execution, exemption from civil process, redemption or extension of time for payment, and (ii) all notices of any default or of Trustee's election to exercise or his actual exercise of any right, remedy or recourse provided for under the Loan Documents.

Section 7.5.   Discontinuance of Proceedings. If Beneficiary shall have proceeded to invoke any right, remedy or recourse permitted under the Loan Documents and shall thereafter elect to discontinue or abandon it for any reason, Beneficiary shall have the unqualified right to do so and, in such an event, Trustor and Beneficiary shall be restored to their former positions with respect to the Loan, the obligations secured hereby, the Loan Documents, the Collateral and otherwise, and the rights, remedies, recourses and powers of Beneficiary shall continue as if the right, remedy or recourse had never been invoked, but no such discontinuance or abandonment shall waive any event of default which may then exist or the right of Beneficiary thereafter to exercise any right, remedy or recourse under the Loan Documents for such event of default.

Section 7.6.   No Mortgagee in Possession. Neither the enforcement of any of the remedies under this Deed of Trust nor any other remedies afforded to Beneficiary under the Loan Documents, at law or in equity, shall cause Beneficiary or Trustee to be deemed or construed to be a mortgagee in possession of the Collateral, to obligate Beneficiary or Trustee to lease the Collateral or attempt to do so, or to take any action, incur any expense, or perform or discharge any obligation, duty or liability whatsoever under any of the Leases or otherwise.

Section 7.7.   Separate and Community Property. Any married person who executes this Deed of Trust as a "borrower" agrees that any money judgment which Beneficiary or Trustee obtains pursuant to the terms of this Deed of Trust or any other obligation of that married person secured by this Deed of Trust may be collected by execution upon any separate property or community property of that person.

Section 7.8.   Setoff Claims. For the avoidance of doubt, no portion of the obligations secured by this Deed of Trust shall be or be deemed to be offset or compensated by all or any part of any claim,

cause of action, counterclaim, or cross-claim, whether liquidated or unliquidated, that Trustor may have or claim to have against Beneficiary. Trustor hereby waives, to the fullest extent permitted by applicable law, the benefits of California Code of Civil Procedure Section 431.70, which provides:

> "Where cross-demands for money have existed between persons at any point in time when neither demand was barred by the statute of limitations, and an action is thereafter commenced by one such person, the other person may assert in the answer the defense of payment in that the two demands are compensated so far as they equal each other, notwithstanding that an independent action asserting the person's claim would at the time of filing the answer be barred by the statute of limitations. If the cross-demand would otherwise be barred by the statute of limitations, the relief accorded under this section shall not exceed the value of the relief granted to the other party. The defense provided by this section is not available if the cross-demand is barred for failure to assert it in a prior action under Section 426.30. Neither person can be deprived of the benefits of this section by the assignment or death of the other. For the purposes of this section, a money judgment is a "demand for money" and, as applied to a money judgment, the demand is barred by the statute of limitations when enforcement of the judgment is barred under Chapter 3 (commencing with Section 683.010) of Division 1 of Title 9."

Section 7.9. <u>One Form of Action</u>. By exercising any of Beneficiary's rights or remedies under this Deed of Trust, Trustor acknowledges and agrees, to the maximum extent permitted by law, that Beneficiary shall not be deemed to have exercised any equitable right of setoff, foreclosed any statutory banker's lien, initiated or prosecuted any "action" to enforce the rights and obligations secured by this Deed of Trust, or the Loan Documents, as the term "action" is used in California Code of Civil Procedure Section 726 ("**Section 726**"), or to have violated the "security first" principle of Section 726. Accordingly, the exercise of any or all of Beneficiary's rights and remedies under this Deed of Trust shall not in any way prejudice or affect Beneficiary's right to initiate and complete a judicial or non-judicial foreclosure under this Deed of Trust. The parties do not intend that the exercise by Beneficiary of any of its rights or remedies hereunder shall have any different consequences under Section 726 than the exercise of rights or remedies under any other security agreement under which a secured party has been granted a security interest in other types of personal property.

> TRUSTOR: PLEASE NOTE: UPON THE OCCURRENCE OF A DEFAULT, CALIFORNIA PROCEDURE PERMITS THE TRUSTEE TO SELL THE PROPERTY AT A SALE HELD WITHOUT SUPERVISION BY ANY COURT AFTER EXPIRATION OF A PERIOD PRESCRIBED BY LAW. UNLESS YOU PROVIDE AN ADDRESS FOR THE GIVING OF NOTICE, YOU MAY NOT BE ENTITLED TO NOTICE OF THE COMMENCEMENT OF SALE PROCEEDINGS. BY EXECUTION OF THIS DEED OF TRUST, YOU CONSENT TO SUCH PROCEDURE. BENEFICIARY URGES YOU TO GIVE PROMPT NOTICE OF ANY CHANGE IN YOUR ADDRESS SO THAT YOU MAY RECEIVE PROMPTLY ANY NOTICE GIVEN PURSUANT TO THIS DEED OF TRUST.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK –
SIGNATURE PAGE FOLLOWS]

IN WITNESS WHEREOF, Trustor has executed and delivered this DEED OF TRUST, SECURITY AGREEMENT, ASSIGNMENT OF LEASES AND RENTS AND FIXTURE FILING as of the Effective Date.

**BAR WORKS CAPITAL, LLC,** a California limited liability company

By: _____
Name:  Renwick R. Haddow
Title:  Manager

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF  NY          )
                      ) SS
COUNTY OF  NY         )

On June 13, 2016, before me, Jeremiah Candelaria, a Notary Public, personally appeared **Renwick R. Haddow**, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ (Seal)

JEREMIAH CANDELARIA
Notary Public - State of New York
NO. 01CA6302932
Qualified in Kings County
My Commission Expires May 5, 2018

*Deed of Trust*
*CHI 67048283v2*

ORT0108

## EXHIBIT A

## LEGAL DESCRIPTION OF PROPERTY

The land referred to is situated in the County of San Francisco, City of San Francisco, State of California, and is described as follows:

Beginning at a point on the Southerly line of Sacramento Street, distant thereon 114 feet 6 inches Westerly from the Westerly line of Montgomery Street; running thence Westerly along said line of Sacramento Street 23 feet; thence at a right angle Southerly 68 feet 9 inches; thence at a right angle Easterly 23 feet; thence at a right angle Northerly 68 feet 9 inches to the point of beginning.

Being a portion of 50 Vara Block No. 71.

Assessor's Lot 014; Block 0240